NATHAN KANTOROWITZ, PROSECUTOR, v. FREDERICK BIGELOW, SUPERINTENDENT, ETC., CITY OF NEWARK, AND THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, RESPONDENTS.

Argued March 7, 1925—Decided November 4, 1925.

The sole function of the board of adjustment of a municipality, upon an appeal from a refusal of the superintendent of buildings of such municipality to issue a building permit, is to authorize a

modification of a valid zoning regulation where it is apparent that unnecessary hardship would result to the appellant, if the provisions thereof were literally enforced against him, and not to serve as an appellate body for the purposes of reviewing the legal, or equitable, character of the act of the superintendent of buildings in allowing or rejecting an application for a building permit.

On *certiorari.*

Before GUMMERE, CHIEF JUSTICE, sitting alone, pursuant to statute.

For the prosecutor, *William Harris* and *Israel B. Greene.*

For the respondents, *Jerome T. Congleton* and *Charles M. Myers.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The prosecutor is the owner of a tract of land on the corner of Renner avenue and Goodwin avenue, in the city of Newark. Pursuant to the ordinance of the city he applied to the superintendent of buildings of that municipality for a building permit for the erection of a frame dwelling and stores on this tract. The permit was refused by the superintendent upon the ground that the prosecutor's lot was located within a residence district, and that the zoning ordinance of the city prohibited the erection of a store within such a district. He thereupon appealed to the board of adjustment of this city for a review of the action of the superintendent of buildings, and that board, after a hearing, adopted a resolution which, after reciting that, in its opinion, there were no special conditions which would make the enforcement of the zoning ordinance result in an unnecessary hardship to the prosecutor, affirmed the decision of the superintendent. The prosecutor then applied for and was allowed a *certiorari* to review the validity of this resolution of the board of adjustment.

So far as the action of the superintendent of buildings is concerned in refusing to grant the permit for the reason

stated, it was without legal justification. *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712; *affirmed, sub nomine, State* v. *Nulley*, 99 *N. J. L.* 389. So far as the action of the board of adjustment is concerned in affirming the refusal of the superintendent of buildings, for the reasons upon which that refusal was based, it was *coram non judice*. In its legal effect it is, by necessary implication, an adjudication of the legality of the superintendent's action in refusing to grant the permit for the reason upon which that refusal was based. In the case of Losick *v.* Binda, Building Inspector, decided by the Court of Errors and Appeals, *post, p.* 157, it was held that the sole function of the board of adjustment is to grant modifications of valid zoning regulations where it was apparent that unnecessary hardship would result to a particular owner if the provisions thereof were literally enforced against him; that it was not a function of the board to serve as an appellate body for the purpose of reviewing the legal or equitable character of the superintendent's acts in allowing or rejecting an application for a building permit, and that the legal or constitutional question involved in the refusal of the building inspector to grant the permit was not a subject-matter for its determination, but must be presented for consideration, as heretofore, to the proper legal forum.

For the reason indicated, the resolution of the board of adjustment, which is now under review, will be vacated and annulled.